# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE MELENDREZ, JR.,**

        **Plaintiff,**

    **v.**                                          **Case No. 10-C-271**

**HONORABLE SAMUEL FRED BRIERY,**
**HONORABLE AULIA MOSES LUDLUM,**
**HONORABLE ORLANDO L. GARCIA,**
**HONORABLE EDITH JONES,**
**and HONORABLE DINEEN KING,**

        **Defendants.**

## DECISION AND ORDER

Pro se Plaintiff Jose Melendrez, Jr. ("Melendrez") filed the instant action against five federal judges. Melendrez cites 28 U.S.C. § 2401, the Federal Tort Claims Act, and 28 U.S.C. § 2680(h) as the basis for the Court's subject matter jurisdiction over this matter. Melendrez's claims arise out of his alleged service as an informant for the State of Texas and the United States Drug Enforcement Administration, his federal conviction for conspiring to distribute marijuana, and subsequent actions and complaints brought by Melendrez.

The Defendants, Samuel Fred Briery ("Briery"), Aulia Moses Ludlum ("Ludlum"), Orlando L. Garcia ("Garcia"), Edith Jones ("Jones"), and Dineen King ("King"),

(collectively the "Defendants") filed a Civil Local Rule 7(h) expedited non-dispositive motion for transfer of this action pursuant to 28 U.S.C. § 1404(a). The Defendants seek a transfer of this action to the Western District of Texas. An almost identical action that Melendrez previously filed against these Defendants is pending in that District. Also requested is a stay of these proceedings until after a ruling on the motion to transfer, and a ruling that the Defendants are not required to respond to Melendrez's motions until they have been properly served with the Complaint and had the requisite "within 60 days" to answer.

Melendrez opposes a transfer of the action. However, he agrees that he has two cases involving precisely the same issues simultaneously pending in two different district courts.

Section 1404(a) of Title 28 of the United States Code states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Transferring a case under 28 U.S.C. § 1404(a) is appropriate when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action may have been brought. *Id.*

In a motion to transfer venue, the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." *Id.* at 219-20. When deciding whether the moving party has made the necessary showing for a transfer, a court may rely on the

2

allegations of the complaint and may receive and weigh affidavits submitted by the parties. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989).

Section 1391(e), applicable to actions against officers or employees of the United States, provides that venue is proper in any judicial district where a defendant in the action resides; where a substantial part of the events or omissions giving rise to the claim occurred; or, where the plaintiff resides, if no real property is involved in the action. *See* 28 U.S.C. § 1391(e). Correctly, the parties do not dispute that the action could have been brought in both districts.

Melendrez, who provides a Little Chute, Wisconsin address, apparently is resident of this District. *See* 18 U.S.C. § 1391(e)(3). Three Defendants, Briery, Ludlum, and Garcia are district court judges in the Western District of Texas. (Richmond Decl. ¶ 6.) The other two Defendants, Jones and King, are judges of the Court of Appeals for the Fifth Circuit with offices in Houston, Texas. (*Id*). Melendrez's claims arise out of his actions as an informant for the state of Texas and federal authorities in the Western District of Texas and his conviction and resultant 84-month prison sentence for possession of marijuana in the Western District of Texas. (*Id.* at ¶¶ 2-5,7.) Thus, the action could have been originally brought in the Western District of Texas where a substantial portion of the events or omissions giving rise to Melendrez's claims occurred. *See* 18 U.S.C. § 1391(e)(2).

To determine whether transfer is appropriate, the Court considers the convenience of the parties, the convenience of the witnesses, and the interests of justice in the

3

context of other considerations, such as the situs of material events, ease of access to sources of proof, whether consolidation is feasible, and the plaintiff's choice of forum. *See Coffey*, 796 F.2d at 219 n.3. Melendrez resides in this District and he chose this forum for the action, which is to be given preference. However, he also chose the Texas forum. The five Defendants are residents of Texas. The situs of the material events is Texas. Additionally, most of the non-party witnesses are likely to be found in Texas. Other sources of proof will also be concentrated in Texas. While this forum may be more convenient for Melendrez, the other factors weigh in favor of the transfer of this action. *See id.* at 220.

The Court must also consider the "interest of justice." Factors traditionally considered in an "interest of justice" analysis relate to the efficient administration of the court system. *Id.* at 221. "The 'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id.* at 220. (Citations omitted). Avoidance of duplicative litigation in two different district courts is in the interest of justice. *See id.* at 221. Upon consideration of all the relevant factors, the Court concludes that the Defendants have established that this action should be transferred to the Western District of Texas and their motion to transfer is granted. As a result, this Court will not address the additional issues raised by the Defendants' motion.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to transfer this action to the Western District of Texas (Docket No. 14) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 21st day of May, 2010.

                                          **BY THE COURT**

                                          *s/ Rudolph T. Randa*
                                          **Hon. Rudolph T. Randa**
                                          **U.S. District Judge**